PESCIA v. HAIMS.

(Supreme Court, Appellate Term.   June 1, 1906.)

BROKERS—OBTAINING TENANT—RIGHT TO COMMISSIONS—EVIDENCE.

Where, in an action by a broker for commissions alleged to have been earned in procuring a tenant for defendant's property, there was no showing as to the character or business of the tenant claimed to have been procured, or any other fact tending to show that he was a satisfactory tenant, or that the lease presented to defendant for signa- ture was satisfactory to him, the evidence was insufficient to show the performance of services by plaintiff for which defendant was liable, or to show that defendant had no right to lease the premises to another before a lease to the tenant procured for plaintiff was presented for signature.

Appeal from City Court of New York, Trial Term.

Action by Enrico V. Pescia against Louis Haims.   From a judg- ment for plaintiff, defendant appeals.   Reversed and remanded.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Rosalsky & Rosalsky (Aaron A. Feinberg, of counsel), for appellant. Achille J. Oishei (Nelson L. Keach, of counsel), for respondent.

CLINCH, J.   The plaintiff sued for broker's commission, claiming that he secured a tenant to lease certain property of defendant.   Plain- tiff claimed that, in pursuance of an agreement with defendant, he noti- fied the latter on Saturday evening, September 26, 1905, that he had

secured a proper party, who would lease the property at the agreed price, and offered to pay $100 as a deposit; that defendant said he did not want a deposit, but arranged to meet the prospective lessee on the following Monday at 2 o'clock; that, as defendant failed to keep the appointment on Monday afternoon, plaintiff went to defendant's house the same evening with his client, Pagano, and one Gagliano and his father, and then offered defendant the leases and the agreed sum of $1,100 as two months' advance rent. Defendant, however, refused to accept the leases or the money, but informed plaintiff that that morning he had secured another tenant at a better price. There is no evidence to show who this Pagano was, where he resided, or what his business was, or any other fact or facts which might indicate that he would have been a satisfactory and reliable tenant. It appears, however, that the $1,100 to be paid as advance rent was drawn by the plaintiff from his own savings bank account, and that he took the money out of his pocket when he produced it before the defendant at the latter's house. Pagano was not produced on the trial, nor does it appear that the leases alleged to have been submitted by plaintiff to defendant, which defendant denies, were satisfactory to him. The plaintiff has not shown in our opinion by a preponderance of proof that there was any meeting of the minds of the parties in respect to the terms of any lease, that he has performed such services as entitled him to a commission as a broker, or such facts as precluded the defendant from his ordinary right to lease to another and to terminate at will a contract with a broker before a bargain was made by which the broker's commissions might become fixed. Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, at pages 383, 384, 38 Am. Rep. 441.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.